CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 24 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSEPH SARTAIN, )  Plaintiff, ) | Civil Action No. 7:06CV00612 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| C/O ROBINSON, et al., ) | By: Hon. Glen E. Conrad |
| Defendants. ) | United States District Judge |

The plaintiff, Joseph Sartain, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed the plaintiff's allegations, the court concludes that the action must be dismissed without prejudice for failure to exhaust administrative remedies.

### Background

The plaintiff is presently incarcerated at Wallens Ridge State Prison. He executed the instant complaint on August 28, 2006. The complaint was mailed to the United States District Court for the Eastern District of Virginia on August 31, 2006, and by order entered October 2, 2006, the action was transferred to this court.

In his complaint, the plaintiff alleges that the defendants used excessive force against him on August 17, 2006. The plaintiff indicates that he filed a grievance regarding the incident several days after it occurred. However, the plaintiff acknowledges that he had not yet received a response to the grievance at the time the instant complaint was executed, and that he had therefore not filed an appeal.

### Discussion

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a

prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is well established that the exhaustion requirement is mandatory, Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 677 (4th Cir. 2005), and that the requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (U.S. 2002). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. Woodford v. Ngo, 126 S. Ct. 2378, 2386 (2006).

As a Virginia inmate, the plaintiff is required to exhaust his claim in accordance with the grievance procedures established by the Virginia Department of Corrections (VDOC). In particular, he must comply with VDOC Division Operating Procedure (DOP) 866, which sets forth a multi-step administrative remedy process. Pursuant to DOP 866, an inmate must first attempt to resolve any issues informally. DOP 866-7.13. Prison officials must respond to an inmate's informal complaint within fifteen days of receiving it. DOP 866-7.13. If informal resolution is unsuccessful, an inmate may file a regular grievance addressed to the Warden. DOP 866-7.14. The Warden has thirty days to respond to the grievance. DOP 866-7.16. Depending on the subject of the grievance, up to two additional levels of review by higher authorities within the VDOC may be available following the filing of a regular grievance. DOP 866-7.15.

Having reviewed the plaintiff's allegations, it is clear that the exhaustion requirement has not been satisfied in this case. The plaintiff executed the instant complaint eleven days after the defendants allegedly used excessive force against him. Although the plaintiff indicates that he filed a grievance at some point during the eleven-day period, he acknowledges that he had not yet
2

received a response to the grievance, and that he had therefore not filed an appeal.[*]

Because the plaintiff has failed to satisfy the exhaustion requirement, his complaint must be dismissed without prejudice. See Anderson, 407 F.3d at 682-683 (holding that a district court may sua sponte dismiss a complaint, where it is clear from the plaintiff's complaint that the PLRA's exhaustion requirement has not been met). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

**ENTER**: This 24th day of October, 2006.

/s/ Jackson L. Kiser
United States District Judge

---

[*] The court notes that there is no indication that the time for responding to the grievance had expired. As previously stated, prison officials have fourteen days to respond to an informal complaint, and the Warden has thirty days to respond to a regular grievance.